United States District Court
Southern District of Texas
**ENTERED**
April 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMON MOJENA-OCHOA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-1247 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Ramon Mojena-Ochoa ("Petitioner"), a citizen of Cuba, entered the United States on March 5, 2022, and was issued a Notice to Appear.[1] On June 12, 2025, Petitioner was taken into immigration custody by Immigration Customs and Enforcement ("ICE") under § 1225(b)(2).[2] The same day ICE moved to dismiss the Notice to Appear that was issued in 2022 and processed Petitioner for expedited removal.[3] Petitioner appealed the immigration judge's decision to grant the dismissal of the Notice to Appear that was

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory & Injunctive Relief ("Habeas Petition"), Docket Entry No. 1, p. 1 ¶ 1; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 6, p. 2.

[3]Id.

issued in 2022.[4]   Petitioner's appeal remains pending before the Board of Immigration Appeals.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates (1) the Immigration and Nationality Act and (2) due process.[6]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).  Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[7]

As the Fifth Circuit explained in  Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest.  Id. at 498, 508.  The Fifth Circuit's analysis and holding applies in this case.

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally

---

[4] Id.

[5] Id.

[6] Habeas Petition, Docket Entry No. 1, pp. 35–41.

[7] Respondents' MSJ, Docket Entry No. 5, pp. 1–2.

permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory & Injunctive Relief (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of April, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-